UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re:  )  18-26723
LEAH HURSTON,  )  Chapter 13
 )
 )  JUDGE BARNES
       Debtor(s).  )

## NOTICE OF OBJECTION

**The following parties have been served via electronic mail:**
U.S. Trustee: USTPRegion11.ES.ECF@usdoj.gov
Marilyn O. Marshall, Ch. 13 Trustee: courtdocs@chi13.com

**The following party(s) have been served via regular US mail or certified mail:**
See attached list.

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his stead, at 219 South Dearborn Street, Chicago, Illinois, in the following courtroom (or any other place posted), and present the attached **Objection to Claim No. 5.1 (Santander Consumer USA, Inc.)** at which time and place you may appear:

JUDGE:   BARNES
ROOM:    744
DATE:    October 3, 2019
TIME:    9:30 a.m.

/s/ Christine H. Clar
Christine H. Clar, A.R.D.C. #6202332

PROOF OF SERVICE
The undersigned does hereby certify that copies of this Notice and attachments were served to the above persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, before 5:00 p.m. on August 29, 2019 with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

/s/ Christine H. Clar
Christine H. Clar, A.R.D.C. #6202332
Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES, LLC
790 Chaddick Drive
Wheeling, IL 60090
847/520-8100
davidsiegelbk@gmail.com

**The following party(s) have been served via regular US mail:**

Ms. Leah Hurston
20150 Dolphin Ave.
Lynwood, IL 60411

Santander Consumer USA
DBA Chrysler Capital
P.O. box 961275
Ft. Worth, TX 76161-1245

**The following parties have been served via certified US Mail:**

Santander Consumer USA
c/o CT Corporation System
208 S. LaSalle St., #814
Chicago, IL 60604

Santander Consumer USA
Mr. Scott Powell, CEO
1601 Elm St., #800
Dallas, TX 75201

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| In re: | ) | 18-26723 |
|---|---|---|
| **LEAH HURSTON,** | ) | **Chapter 13** |
| | ) | |
| | ) | **JUDGE BARNES** |
| Debtor(s). | ) | |

## OBJECTION TO CLAIM NO. 5.1 (SANTANDER CONSUMER USA, INC.)

NOW COMES the debtor, LEAH HURSTON, by her attorneys, DAVID M. SIEGEL & ASSOCIATES, to present his Objection to Claim No. 5.1, and in support thereof states as follows:

1. Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2. The Debtor filed a Chapter 13 petition September 24, 2018. The case was confirmed on December 13, 2018. Marilyn O. Marshall was appointed trustee in this case.

3. On October 12, 2018 Santander Consumer USA filed a proof of claim, Claim No. 5.1 on the Claims Register, for an secured claim in the amount of $28,550.30 for a 2014 Chrysler 200 (Exhibit A).

4. The Debtor did not list a 2014 Chrysler 200 in Schedule B or the chapter 13 plan. She has not had the vehicle since 2016, when it was in an accident. She does not know what happened to the car after the accident, but believes it was totaled. It was her understanding that the amount owed to Santander Consumer USA, the creditor, was for a deficiency balance.

5. Since the vehicle has not been in debtor's possession since 2016, it should not be treated as a secured claim by the trustee.

6. The claim should be paid as general, unsecured non-priority.

   WHEREFORE, pursuant to 11 U.S.C. §502(a), the debtor, LEAH HURSTON respectfully requests that this honorable Court enter an order disallowing Claim No. 5.1 as secured, have the trustee pay on the claim as a general, unsecured non-priority debt, and for such other and further relief as the Court shall deem proper.

                   Respectfully Submitted,
                   /s/ Christine H. Clar
                   Christine H. Clar, ARDC #6202332

DAVID M. SIEGEL & ASSOCIATES, LLC
Attorneys for Debtor(s)
790 Chaddick Drive
Wheeling, IL 60090
847/520-8100
davidsiegelbk@gmail.com

# EXHIBIT A

Fill in this information to identify the case:

Debtor 1     Leah Hurston

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   NORTHERN   District of   ILLINOIS
                                                                                                (State)

Case number    18-26723

---

Official Form 410

# Proof of Claim                        04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Santander Consumer USA Inc., an Illinois corporation d/b/a Chrysler Capital.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Santander Consumer USA Inc., an Illinois corporation d/b/a Chrysler Capital.
Name

P.O. Box 961275
Number    Street

Fort Worth, TX 76161-1245
City    State    ZIP Code

Contact phone (855) 563-5635

Contact email BK_POCTeam@chryslercapital.com

Where should payments to the creditor be sent? (if different)

Santander Consumer USA Inc., an Illinois corporation d/b/a Chrysler Capital.
Name

P.O. Box 961278
Number    Street

Fort Worth, TX 76161
City    State    ZIP Code

Contact phone (855) 563-5635

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                                             MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

254

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 4293 |
|---|---|---|
| 7. | How much is the claim? | $28,550.30       Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |
| 9. | Is all or part of the claim secured? | ☐ No<br>☑ Yes.    The claim is secured by a lien on property.<br>       **Nature of property:**<br>       ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>       ☑ Motor vehicle<br>       ☐ Other. Describe: 2014 CHRYSLER 200<br><br>       **Basis for perfection:** Certificate of Title<br>       Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>       **Value of property:**        $11,000.00<br>       Amount of the claim that is secured:    $11,000.00<br>       Amount of the claim that is unsecured:    $17,550.30    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>       **Amount necessary to cure any default as of the date of the petition:** $ 23,998.59<br><br>       **Annual Interest Rate** (when case was filed) 25.00%<br>       ☑ Fixed<br>       ☐ Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: $ |

255

Official Form 410                Proof of Claim                Page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | | |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check all that apply: | | Amount entitled to priority |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/12/2018
                   MM / DD / YYYY

/s/ Amy Hudson
Signature

**Print the name of the person who is completing and signing this claim:**

Name       Amy Hudson
           First name   Middle name   Last name

Title      Bankruptcy Specialist

Company    Santander Consumer USA Inc., an Illinois corporation d/b/a Chrysler Capital.
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
           Number    Street
           _____
           City                State       Zip Code

Contact phone _____   Email _____

256

Official Form 410                    Proof of Claim                    Page 3

**CHRYSLER**
CAPITAL

Case Number: 18-26723
Filer(s) Name:

Leah Hurston

Account No: 4293
Original Claim #:

# Payoff Itemization

**Filing Date:** 9/24/2018

| | |
|---:|---:|
| Total Principal: | $ 22,837.69 |
| Total Interest: | $ 4,551.71 |
| Total Extension Fees: | $ 0.00 |
| Total Late Fees: | $ 245.90 |
| Total NSF Fees: | $ 0.00 |
| Total Legal Fees: | $ 0.00 |
| Total Repo Fees: | $ 915.00 |
| **Payoff** | **$28,550.30** |

CHRYSLER

©2013 Chrysler Capital. Chrysler Capital is a trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc.

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $300.00 |
| 25.09 % | $ 23341.08 | $ 23586.42 | $ 46927.50 | $ 47227.50 |

Cash Price $ 18906.00
Less Cash Downpayment $ 300.00
Value of Trade-In $ -0-
Trade $ -0-
Lien Payoff $ -0-
Net Trade $ -0-
Tax N/A
Total Downpayment $ 300.00
Unpaid Balance of Cash Price $ 18606.00

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 73 | $ 625.70 | monthly beginning July 24, 2015 |
| N/A | $ N/A | N/A |

Amount Paid to Others for You
*WE MAY BE RETAINING A PORTION OF THIS AMOUNT

Unpaid Balance Due on Trade-In $ N/A

**Security:** You are giving a security interest in the goods being purchased and in any moneys, credits or other property of yours in the possession of the Assignee, on deposit or otherwise.

**Late Charge:** If any payment is ten (10) days late, you will be charged: (i) 5% of the installment if the installment is in excess of $200.00; or (ii) $10.00 if the installment is for $200.00 or less.

**Prepayment:** You have the right to prepay the unpaid balance in full or in part at anytime without penalty.
See your contract terms below and on the reverse side for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interests.

Year, Make, Model of Buyer's Trade-In
(Paid to) N/A
*Insurance Companies:
N/A $ N/A
N/A $ N/A

Public Officials (Licenses, Title & Taxes) $ 1786.99
Paid to ERT Service Provider for Optional ERT Fee $ 25.00

Other Charges / Amts Paid
To N/A $ N/A To N/A $ N/A Doc. Fee $ 168.43
To N/A $ N/A To N/A $ N/A Snap $ 2100.00
To Car Guardian $ 900.00 To N/A $ N/A Total Other Charges & Amount Paid to Others for You $ 4980.42

Buyer(s) Leah Hurston, 20150 Dolphin Ave., Lynwood, IL 60411 Cook
Buyer(s) N/A

Seller: Napleton's Northwestern Chrysler Jeep, 5950 N. Western Ave., Chicago, IL 60659

Seller hereby sells and Buyer or Buyers, jointly and severally, hereby purchase the following motor vehicle with accessories and equipment thereon for the deferred payment price and on the terms set forth in this contract. Buyer acknowledges delivery and acceptance of said motor vehicle in good condition.

| New or Used | Year | Make of Vehicle | Model | Body Style | No. Cyl | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| New | 2014 | CHRYSLER | 200 | 4DR | 6 | 1C3CCBBG5EN191374 | SILVER | N/A | |

Buyer Promises to pay to the order of Seller at the offices of:
Chrysler Capital (Assignee) located in Fort Worth, TX
the Amount Financed shown above together with a Finance Charge on the principal balance of the Amount Financed from time to time unpaid at the rate of 25.09 %
per annum from date until maturity in 74 installments of $ 625.70 each and a final installment of $ 625.70 beginning on
July 24, 2015 and continuing on the same day of each successive month thereafter until fully paid. All payments shall be applied first to accrued Finance Charge and the balance to principal. The Finance Charge has been computed on the scheduled unpaid balances of the Amount Financed on the assumption that all scheduled installments will be paid when due. Guarantor, if any, guarantees collection of all amounts due under this contract upon failure of the Seller to collect from the Buyer named herein.

SECURITY INTERESTS: [illegible paragraph]

ACCELERATION: [illegible paragraph]

PREPAYMENT: THE BUYER MAY PREPAY IN FULL OR IN PART THE UNPAID BALANCE OF THE CONTRACT AT ANY TIME WITHOUT PENALTY.

DELINQUENCY CHARGE: [illegible]

INSURANCE AGREEMENT: Motor Vehicle Damage or Loss insurance is required by Seller. (Buyer may choose the person through whom the insurance is to be obtained. If such insurance is to be obtained through Seller, the cost for a term of N/A months will be $ N/A)

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT
Credit Insurance is not required by Seller nor is it a factor in approval of the extension of credit. No credit insurance is to be provided unless the Buyer signs the appropriate authorization below. Group Credit Insurance is available for the term of the credit upon acceptance by insurer at the following costs:

Credit Life Insurance $ N/A    Credit Disability Insurance $ N/A

I desire Credit Life Insurance:    I desire Credit Disability Insurance:    DO NOT want Credit Life or Disability Insurance:
N/A    N/A    [signature] 06-24-2015

SEE REVERSE HEREOF FOR INFORMATION ON POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.

NOTICE OF PROPOSED GROUP CREDIT LIFE INSURANCE
[paragraph]
N/A

Other Insurance: N/A    the cost for a term of N/A months will be $ N/A

BUYER AGREES THAT THE PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS RETAIL INSTALLMENT CONTRACT AND BE INCORPORATED HEREIN. If this contract evidences the sale of a used motor vehicle: (1) Buyer acknowledges receipt of the original or a true copy of the "Buyer's Guide" form displayed by Seller on the side window of the used vehicle; and (2) THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS USED VEHICLE IS A PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Spanish Translation: [Spanish text]

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

DOCUMENTARY FEE: A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

The Annual Percentage Rate may be negotiable with the Seller. If this Contract is assigned, Seller may retain or receive a portion of the Finance Charge.

NOTICE TO BUYER: 1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge. Buyer confirms receiving a copy of this contract and had a chance to read and review it before Buyer signed it. By signing below, Buyer agrees to the terms of this contract. Guarantor, if any, acknowledges receipt of completed copies of this contract and of Explanation of Guarantor's Obligation.

CO-BUYER: A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the vehicle's title. By signing below, (1) I confirm that I will actually receive possession of the vehicle or will use it, or that I am a parent or spouse of the Buyer, or that I will be listed as an owner on the vehicle's title; (2) I agree to be primarily obligated under this contract; and (3) I consent to the Creditor having a security interest in the vehicle.

Dated: June 24, 2015    Buyer(s) acknowledges receipt of a fully completed and executed copy of this Contract.

Seller: Napleton's Northwestern Chrysler Jeep    RETAIL INSTALLMENT CONTRACT
By: [signature]    Buyer: [signature] 06-24-2015
Guarantor: _____    Buyer: N/A

2. Buyer agrees to keep said motor vehicle fully insured [illegible] in companies acceptable to holder. Holder is authorized to purchase all insurance included in this contract. Insurance coverages, other than required insurance, have been voluntarily contracted for by Buyer. Buyer may elect to purchase any required insurance from an insurance company, agent or broker of his own choice. If Buyer so elects, he shall furnish Seller with a policy or binder issued by a company acceptable to Seller on or before taking possession of the motor vehicle, and inclusion of Buyer's premiums in this contract is optional with Seller. All policies procured by Buyer shall provide that loss, if any, shall be payable to Buyer and to the holder of this contract, as their respective interest may appear and a clause requiring insurer to give the holder 10 days written notice of cancellation. In the event of the failure of Buyer to insure said motor vehicle or to deliver a fully paid policy to holder at the time, and in the manner herein provided, or in the event of cancellation or expiration of any policy during the term of this contract without replacement by Buyer within 10 days, such failure shall constitute an event of default hereunder. Holder shall have the option, but shall not be required, to procure such insurance for Buyer and to advance the premium therefor. Buyer hereby promises to pay any such premium with finance charge thereon at the annual percentage rate stated on the reverse side hereof as an additional indebtedness due hereunder. Buyer hereby assigns to holder the proceeds of all insurance on said motor vehicle including unearned premium refunds. In the event of default by Buyer hereunder, holder is authorized to cancel such insurance, receive and receipt for unearned premiums and to endorse any check or draft therefor made payable to Buyer. Any unearned premium received by the holder shall be credited to the final maturing installments of this contract except to the extent applied toward payment for similar insurance protecting the interest of Buyer and the holder, or either of them.

3. COLLATERAL PROTECTION INSURANCE. Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the costs of that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

4. Buyer shall not use or permit said motor vehicle to be used in violation of any law or ordinance, State, Federal, or Municipal. Buyer shall not sell, lease, encumber or place said motor vehicle in any other person's possession or remove it from the U.S. without the written consent of the holder of this contract. Buyer shall not use said motor vehicle for hire or as a taxi. Buyer shall keep said motor vehicle free from all mechanic's liens, tax liens and all other liens.

5. Upon the occurrence of any event of default, the holder of this contract shall have the rights and remedies provided by Article 9 of the Illinois Uniform Commercial Code including, but not by way of limitation, the rights of the holder (a) to take immediate possession of the motor vehicle, with or without judicial process, and for such purpose, to enter upon the premises where it may be located, and (b) to give Buyer reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or other intended disposition thereof is to be made; and (c) to dispose of the motor vehicle at public or private sale in accordance with said notice to Buyer and to buy it at a public sale, and (d) to apply the proceeds of sale first to the reasonable expenses of retaking, holding, preparing for sale and selling and to reasonable attorneys' fees and legal expenses incurred by holder, and second, to satisfaction of Buyer's indebtedness hereon, and third, in satisfaction of any subordinate security interest in the motor vehicle if demand therefor is received by holder before disposition of the proceeds, and to account to Buyer for any surplus remaining. Buyer shall be liable for any deficiency. It is expressly agreed by Buyer that the requirements of reasonable notice shall be met if notice is mailed to Buyer at the address of Buyer shown herein not less than 10 days prior to the sale or other disposition. All rights and remedies of the holder, whether provided for in this contract or conferred by law, are cumulative.

6. Holder is authorized to apply any payment made by Buyer hereon to any other indebtedness of Buyer to holder, whether arising under the contract or otherwise.

7. Buyer agrees that holder, in retaking said motor vehicle as herein provided, may take possession of personal effects and property found therein and hold the same for delivery to Buyer.

8. Buyer agrees that holder may try to contact Buyer in writing, by email, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. Buyer also agrees that holder may try to contact Buyer in these and other ways at any address or telephone number Buyer provides, even if the telephone number is a mobile phone number or the contact results in a charge to the Buyer.

9. The terms [illegible]
provisions there

---

"NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM."
(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY. (2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

## ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby sells, assigns and transfers to

**Chrysler Capital**
(Name of Assignee)                                    (Address of Assignee)

ASSIGNEE, its successors and assigns, all of Seller's right, title and interest in and to the within contract and the motor vehicle described therein. To induce Assignee to purchase said contract, Seller represents and warrants to Assignee (1) that the within contract is valid and genuine and correctly states the terms of the retail installment transaction between Seller and Buyer; (2) that the motor vehicle described has been delivered to and accepted by the Buyer; (3) that the down payment was paid in full, in cash or in trade, and that no part was loaned to Buyer by Seller; (4) that Seller had good title to and the right to sell said motor vehicle to Buyer and that the motor vehicle is free of all liens, claims and encumbrances; (5) that no notice of any defense or right of action has been received by Seller from Buyer nor has Seller any knowledge of any fact that would impair the validity of the contract; (6) that Seller has the right to sell and assign this contract to Assignee; (7) that all buyers have legal capacity to contract; (8) that on the date of the contract Seller executed and delivered to each Buyer a completed copy of the contract and to the Guarantor a completed copy of the contract and Explanation of Guarantor's Obligation; (9) Seller has complied with all requirements of the Federal Truth in Lending Act, Regulation Z, the Federal Equal Credit Opportunity Act and the Illinois Motor Vehicle Retail Installment Sales Act and the regulations of all governmental agencies; (10) that on the date of the contract, Seller assigned to Buyer the Manufacturer's Statement of Origin or the existing Certificate of Title, as the case may be, issued covering said motor vehicle, procured from Buyer a signed application for a new certificate of title to be issued to Buyer and [illegible] correctly the date of the within contract, the name and address of Assignee as holder of the first lien on the motor vehicle **NAPLETON'S NORTHWESTERN** delivered to the Secretary of State of Illinois all of the documents described with the prescribed fee; (11) that the motor vehicle has not been **CHRYSLER, JEEP & DODGE** operative in law enforcement agencies; (12) that the sale was made at Seller's place of business and was not a door-to-door sale within **5800 N WESTERN AVE** Trade Regulation Rule or the Illinois Consumer Fraud Act; and (13) that the Seller places the Buyer to be in good moral character and that Buyer **CHICAGO, IL 60659** to be used for unlawful purposes. If any of the foregoing representations and warranties is untrue, Seller agrees to repurchase the within contract [illegible] other indebtedness then due from Buyer thereon, together with reasonable attorneys' fees, costs and expenses incurred by Assignee.

Dated: _____

By: _____ [signature] _____
    Authorized Signature                    Title

---

**REPURCHASE AGREEMENT** (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event a claim or defense is asserted against Assignee by the Buyer at any time, Seller shall, on demand, repurchase the within contract for cash at a price equal to the net amount remaining unpaid on said contract, and Seller shall indemnify and hold Assignee harmless from any and all liabilities that may result at any time from any claim asserted by Buyer for recovery of amounts paid arising out of any promise, representation or warranty made by Seller or the Manufacturer to Buyer.

Dated: _____

By: _____
    Authorized Signature                    Title

---

**FULL RECOURSE AGREEMENT** (Execute Assignment Also)

In Addition to Seller's obligations to set forth in the above assignment, Seller unconditionally guarantees prompt and full payment by Buyer of the Total of Payments and all other amounts due from Buyer under the within contract. If Buyer shall fail to pay any installment when due, Seller agrees to pay to Assignee, on demand, the full amount remaining unpaid on said contract. Seller agrees that it shall not be necessary for Assignee to proceed first against Buyer or to have recourse to the motor vehicle before proceeding to enforce this agreement. Extension of the time of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated: _____

By: _____
    Authorized Signature                    Title

---

**LIMITED REPURCHASE AGREEMENT** (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event that Assignee repossesses the motor vehicle described in the within contract on account of default by Buyer and delivers the same to Seller, Seller shall, on demand, repurchase said motor vehicle for cash at a price equal to the amount remaining unpaid on said contract plus all costs and expenses, including attorneys' fees, incurred by Assignee by reason of Buyer's default or in connection with repossession and delivery of the motor vehicle. This repurchase agreement shall remain in effect until Buyer has paid _____ full installments of the Total of Payments. Extension of the time of payment or variation of terms effected with the Buyer shall not release Seller from his obligation hereunder.

Dated: _____

By: _____
    Authorized Signature                    Title

---

**LIMITED GUARANTEE AGREEMENT** (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller unconditionally guarantees that, in the event of default by the Buyer in the full payment of any installment of the within contract when due, Seller will pay to Assignee, on demand, the unpaid balance then due on the contract up to the limit of $ _____. This guarantee shall terminate after Buyer has paid _____ full scheduled installments on the Total of Payments. Extension of the times of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated: _____

By: _____
    Authorized Signature                    Title

---

**SEPARATE ASSIGNMENT AGREEMENT** (Do Not Execute Above Assignment)

Instead of the Seller's obligations set forth in the above assignment and other listed agreements (Repurchase, Full Recourse, Limited Repurchase, and Limited Guarantee), this assignment is made under the terms of a separate agreement made between Seller and Assignee.

Dated: _____

By: _____
    Authorized Signature                    Title

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1C3CCBBG5EN191374 | 2014 | CHRYSLER | 200 TOURING | 4 DOOR | |

1C3CCBBG5EN191374

| DATE ISSUED | ODOMETER | CCM | MOBILE HOME SQ. FT. | PURCHASED | TYPE TITLE |
|---|---|---|---|---|---|
| 07/16/15 | 10 | | | 06/24/15 | ORIGINAL |
| | 10 | | | NEW | |

LEGEND(S)

MAILING ADDRESS

ACTUAL MILEAGE

CHRYSLER CAPITAL
PO BOX 961272
FORT WORTH TX 76161-0272

OWNER(S) NAME AND ADDRESS
LEAH HURSTON
20150 DOLPHIN AVE
LYNWOOD IL 60411

FIRST LIENHOLDER NAME AND ADDRESS
CHRYSLER CAPITAL
PO BOX 961272
FORT WORTH TX 76161-0272

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged

By _____
Firm Name     Signature of Authorized Agent     Date _____

By _____
Firm Name     Signature of Authorized Agent     Date _____

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State
Secured Party                                                                 Address

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

## ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
    **WARNING-ODOMETER DISCREPANCY.**

NO TENTHS
▶ ODOMETER READING
Signature(s) of Seller(s) _____

*If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair market value unless this document is accompanied by a salvage application.*

Printed Name(s) of Seller(s) _____     DATE OF SALE _____
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s) _____ Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS AT SPRINGFIELD

CONTROL NO.

*Jesse White*

JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

## SANTANDER CONSUMER USA INC.
## SECRETARY'S CERTIFICATE

I, Eldridge A. Burns, Jr., Secretary of SANTANDER CONSUMER USA INC. (the "Corporation"), a private corporation duly organized and existing under the laws of the State of Illinois, do hereby certify that on February 6, 2013, Chrysler Group LLC granted to the corporation a non-transferable, royalty-free license to use the "*Chrysler Capital*", "*Chrysler*", "*Dodge*", "*Jeep*", "*RAM*", "*Chrysler Capital*" and "*Mopar*" word trademarks, and their corresponding brand logos.

IN WITNESS WHEREOF, I have hereunto signed my name effective as of the 11th day of February 2013.

_____
Eldridge A. Burns, Jr.
Chief Legal Officer and Secretary